# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID J. HOFFENKAMP, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KOPLAN WELSH AND ASSOCIATES, <br><br> Defendant. | Case No. 1:21-cv-04523 |

## CLASS ACTION COMPLAINT

**NOW COMES**, DAVID J. HOFFENKAMP ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of KOPLAN WELSH AND ASSOCIATES, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. DAVID J. HOFFENKAMP ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a "person" as defined by ICFA, 815 ILCS 505/1(c).

10. Plaintiff is a "consumer" as defined by ICFA, 8152 ILCS 505/1(e).

11. KOPLAN WELSH AND ASSOCIATES ("Defendant") is company incorporated in the state of Nevada with its principal place of business at 3422 Old Capitol Trail, PMB 869, Wilmington, Delaware 19808.

12. Defendant "provides asset recovery services to its clients."[1]

13. Defendant maintains its principal place of business in Wilmington, Delaware.

14. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

16. Defendant is engaged in "commerce" in the state of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

## FACTUAL ALLEGATIONS

---

[1] https://www.koplanwelshandassociates.com/#about

2

17. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7166.

18. At all times relevant, Plaintiff's number ending in 7166 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

20. On or around June 17, 2021, Plaintiff started receiving unwanted and unconsented to collection calls from Defendant.

21. On multiple occasions, Plaintiff answered Defendant's collection calls.

22. Upon answering, Plaintiff heard a pre-recorded message stating "your case or file number is …please call us back at (302) 205-7528."

23. When Plaintiff returns Defendant's call, he advises that he does not have a case or file number.

24. At that point, Defendant attempts to look up Plaintiff by his phone number and is unsuccessful.

25. Instead, Defendant asks if Plaintiff is "Gloria C." and states it is attempting to collect on a debt ("alleged debt").

26. Plaintiff responds that he is not "Gloria C." nor does he know "Gloria C."

27. During these interactions with Defendant, Plaintiff also requests that the phone calls cease.

28. After informing Defendant that he is not "Gloria C." and requested that the phone calls cease, Plaintiff again received two pre-recorded phone calls.

29. Upon returning the call to Defendant and advising that he is not "Gloria C.", Defendant disconnects the call when Plaintiff requests that the calls cease.

30. Plaintiff then received two more phone calls from two different managers who state that the saw notations in the file that Defendant has called him a total of at least 5 times in the span of a few days after being informed that Defendant is contacting the wrong party and requesting the calls cease.

31. Both managers apologized and stated Defendant would stop calling him.

32. Unfortunately, Defendant continued its efforts to collect the alleged debt through collection calls to Plaintiff's cellular phone.

33. Despite Plaintiff's request that the collection calls cease, Defendant continued its collection calls, including calls from the phone numbers including but not limited to: (302) 205-7428, (302) 205-7609, (302) 205-7669, (302) 205-7463, and (302) 205-7667.

34. Since June 2021, Defendant placed numerous prerecorded collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

35. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

36. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

37. Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

38. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

40. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

41. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

42. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

43. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

44. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

45. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

46. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

47. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

48. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

49. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

50. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

51. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

52. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

53. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

54. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

55. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. Defendant placed or caused to be placed numerous non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

57. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call.

58. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

59. In fact, Plaintiff never had consent to place calls to Plaintiff's cellular phone because Defendant did not have any business relationship with Plaintiff.

60. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

61. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

62. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, DAVID J. HOFFENKAMP, on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### (Plaintiff individually)

63. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    **a. Violations of FDCPA § 1692c**

64. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

65. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

66. Further, Plaintiff advised Defendant that it was attempting to collect the alleged debt from the incorrect party.

67. Despite being notified that its collection calls were unwanted and were directed at the wrong party, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

68. Defendant violated § 1692c(a)(1) by placing numerous collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

69. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

b. **Violations of FDCPA § 1692d**

70. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

71. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

72. Defendant violated §§ 1692d and d(5) by placing numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the alleged debt after being requested to cease the unwanted calls.

73. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

74. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone and that he was not the party that owed the alleged debt.

75. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease and informed Defendant that it was contacting the wrong party is illustrative of Defendant's intent to harass and annoy Plaintiff.

    c. **Violations of FDCPA § 1692e**

76. Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e

77. Pursuant to §1692e(2) of the FDCPA, a debt collector is prohibited from making false representations regarding the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)

78. Defendant violated §§ 1692e and e(2) of the FDCPA by falsely representing that the alleged debt belonged to Plaintiff when, in fact, Defendant was looking for Gloria C.

79. As set forth above, Defendant's representations regarding the alleged debt were made in an attempt to get Plaintiff to make a payment on a debt that did not belong to him.

80. Accordingly, by providing continuously placing harassing collection calls to Plaintiff, Defendant was attempting to pressure Plaintiff into making payment on a debt that was not his.

**WHEREFORE**, Plaintiff, DAVID J. HOFFENKAMP requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III:
### Violations of the Illinois Consumer Fraud Act
### (Plaintiff Individually)

81. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

**a. Unfairness and Deception**

82. It was unfair for Defendant to attempt to collect the alleged debt by placing the above-referenced calls to Plaintiff's cellular phone number after he requested that the phone calls cease and after Plaintiff informing Defendant that it was contacting the wrong party.

83. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off his cellular phone. However, given the imperative function that cellular phone numbers play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

84. The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

85. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

86. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

87. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by Defendant and is conducted on a wide scale.

88. An award of punitive damages is appropriate because Defendant's conduct as described above was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers in general.

 **WHEREFORE,** Plaintiff, DAVID J. HOFFENKAMP, requests the following relief:
 A. a finding that Defendant violated the ICFA;
 B. an order enjoining Defendant from placing further violating calls to Defendant;
 C. an award of actual damages in an amount to be determined at trial;
 D. an award of punitive damages in an amount to be determined at trial;

E.      an award of reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

F.      an award of any further relief that is equitable and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: August 24, 2021                        Respectfully submitted,

**DAVID J. HOFFENKAMP**

By: */s/ Victor T. Metroff*

Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com